IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**IVORY LAVAR KEYES**,

    Petitioner,

v.                                                                                                                         Civil Action No. **3:20CV690**

**HAROLD W. CLARKE**,

    Respondent.

**REPORT AND RECOMMENDATION**

Ivory Lavar Keyes, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). (ECF No. 1.) The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Keyes challenges his convictions in the Circuit Court of the City of Norfolk ("Circuit Court") for possession with intent to distribute more than five pounds of marijuana, possession of a firearm while possessing with the intent to distribute more than one pound of marijuana, possession of a firearm by a convicted felon, and distribution of marijuana within 1000 feet of a school. (*Id.* at 1.) Keyes raises the following claims for relief:[1]

| | |
|---|---|
| Claim One: | (a) The trial court erred in allowing the case to proceed where Keyes's Fourth Amendment[2] rights were violated, and (b) counsel was ineffective for failing to file a motion to suppress. (*Id.* at 18.) |
| Claim Two: | The trial court erred by finding the evidence sufficient to establish that Keyes possessed more than five pounds of marijuana and consequently erred in finding the evidence sufficient to establish that Keyes possessed a firearm while in possession of more than one pound of marijuana with the intent to distribute. (*Id.* at 22.) |

---

[1]     The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, capitalization, and punctuation in quoting Keyes's submissions.

[2]     "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.

Claim Three: The trial court erred in finding the evidence sufficient to establish that Keyes possessed a firearm after being a convicted of a felony. (*Id.* at 30.)

Claim Four: The trial court erred in finding the evidence sufficient to establish the defendant distributed marijuana within 1000 feet of a school. (*Id.* at 34.)

Claim Five: Appellate counsel was ineffective for failing to assign error to the trial court errors listed in Claims Two, Three, and Four. (*Id*. at 35.)

Respondent moves to dismiss on the grounds that Keyes's claims are procedurally defaulted or otherwise lack merit.[3] Despite the provision of *Roseboro*[4] notice, Keyes has failed to respond. For the following reasons, it is RECOMMENDED that the Court DISMISS Claims One (a), Three, and Four as procedurally defaulted and DISMISS Claims One (b), Two, and Five for failure state a viable basis for § 2554 relief. It is further RECOMMENDED that the Court GRANT the Motion to Dismiss (ECF No. 11) and DENY the § 2254 Petition (ECF No. 1).

**A. Procedural History**

Following a bench trial in the Circuit Court, Keyes was convicted of possession with intent to distribute more than five pounds of marijuana, possession of a firearm while possessing with the intent to distribute more than one pound of marijuana, possession of a firearm by a convicted felon, and distribution of marijuana within 1000 feet of a school. *Keyes v. Commonwealth*, No. CL19001693–00, at 1 (Va. Cir. Ct. Aug. 14, 2019). Keyes was sentenced to twenty–five (25) years of incarceration with fifteen (15) years suspended. (*Id*.)

Keyes appealed, asserting that the evidence was insufficient to establish his constructive possession of marijuana. Petition for Appeal at 6, *Keyes v. Commonwealth*, No. 1166–17–1 (Va.

---

[3]   Respondent admits that "Petitioner has exhausted all of his state remedies on each of the claims raised in this petition." (ECF No. 13, at 3.) Given this concession, the Court provides an abbreviated discussion of the procedural history of this matter.

[4]   *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

2

Ct. App. filed Dec. 13, 2017). The Court of Appeals of Virginia denied his petition for appeal. *Keyes v. Commonwealth*, No. 1166–17–1, at 1–4 (Va. Ct. App. Mar. 28, 2018). Keyes pursued a further appeal to the Supreme Court of Virginia, which refused his petition for appeal. *Keyes v. Commonwealth*, No. 180532, at 1 (Va. Oct. 2, 2018).

Thereafter, Keyes filed a petition for a writ of habeas corpus with the Circuit Court, wherein he raised the same claims he now presents in his § 2254 Petition. Petition for Writ of Habeas Corpus at 3–4, *Keyes v. Clarke*, No. CL19001693–00 (Va. Cir. Ct. filed Feb. 19, 2019). The Circuit Court denied Keyes's state habeas petition. *Keyes v. Clarke*, No. CL19001693–00, at 6 (Va. Cir. Aug. 14, 2019). The Supreme Court of Virginia, finding no reversible error, refused Keyes's appeal. *Keyes v. Director*, No. 191466, at 1 (Va. July 27, 2020).

### B. Procedural Default

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (some internal quotation marks omitted) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92, 492 n.10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before the petitioner can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to

have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "opportunity" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* Fair presentation demands that a petitioner present "both the operative facts and the controlling legal principles" to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks omitted) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when he or she "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S.

4

at 735 n.1).[5] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citations omitted). Absent a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law," or a showing that "failure to consider the claims will result in a fundamental miscarriage of justice," this Court cannot review the merits of a defaulted claim. *Coleman*, 501 U.S. at 750; *see Harris v. Reed*, 489 U.S. 255, 262 (1989).

Respondent concedes that Keyes exhausted his state court remedies by presenting his claims to the Circuit Court and the Supreme Court of Virginia on collateral review. (ECF No. 13, at 2–3.) However, Respondent argues that Claims One (a), Three, and Four are nevertheless procedurally defaulted because Keyes could have raised them on direct appeal but failed to do so. (*Id*. at 3.) On collateral review, the Circuit Court observed:[6]

> [Claims One (a), Three, and Four] could have been raised at trial and on appeal, but were not. "A petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error." *Slayton v. Parrigan*, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974). "A prisoner is not entitled to use habeas corpus to circumvent the trial and appellate processes for an inquiry into an alleged non–jurisdictional defect of a judgment of conviction. *Id*. at 30, 205 S.E.2d at 682. Consequently, claims [One (a), Three, and Four] are barred from habeas review.

*Keyes v. Clarke*, No. CL19–1693–00, at 2 (Va. Cir. Aug. 14, 2019).

Respondent satisfies his burden. The Circuit Court relied on *Slayton*, which constitutes an adequate and independent basis for denying a claim. *See Mu'min v. Pruett*, 125 F.3d 192, 196 (4th Cir. 1997). Moreover, Keyes has failed to proffer a cause for the default or actual prejudice. As

---

[5] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

[6] The Court looks to the last reasoned state court opinion to resolve issues of procedural default. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.").

indicated above, Keyes has failed to respond to Respondent's argument that Claims One (a), Three, and Four are procedurally barred. To the extent that Keyes's allegations of ineffective assistance of counsel in Claims One (b) and Five could be construed to serve as cause for the default, Keyes has failed to demonstrate that counsel was ineffective, as discussed in Section E, *infra*. Further, Keyes has failed to specifically allege, much less demonstrate, that he is factually innocent of any of the crimes with which he was convicted. *See Bousley v. United States*, 523 U.S. 614, 623–24 (1998) (citation omitted) (noting that to establish actual innocence a petitioner must demonstrate "factual innocence, not mere legal insufficiency of his conviction"); *United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1992) (indicating that a petitioner must establish "actual factual innocence"). Accordingly, it is RECOMMENDED that Claims One (a), Three, and Four be DISMISSED as procedurally defaulted.[7]

### C. Applicable Constraints Upon Habeas Review

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not

---

[7] Respondent also argues that Claim One (a) is not reviewable pursuant to *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnote omitted) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."). The Court need not address this argument, as Claim One (a) was clearly defaulted.

grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

### D. Sufficiency of the Evidence

A federal habeas petition warrants relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The relevant question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 319 (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Id*. at 318. In Claim Two, Keyes argues that the trial court erred by finding the evidence sufficient to establish that Keyes possessed more than five pounds of marijuana and consequently erred in finding the evidence sufficient to establish that Keyes possessed a firearm while in possession of more than one pound of marijuana with the intent to distribute. (ECF No. 1, at 22.)

In rejecting Keyes's challenge to the sufficiency of the evidence on direct appeal, the Court of Appeals of Virginia aptly summarized the evidence of Keyes's guilt and the relevant law as follows:

> [T]he evidence established that on March 17, 2015, narcotics investigators were screening packages at a Norfolk post office. An overnighted brown package attracted the investigators' attention, because it was sealed with an excessive amount of tape and listed a non–existent shipping source. A drug detecting canine screened multiple packages and alerted on the same overnight brown package. After obtaining a search warrant, the police searched the package and discovered it contained twenty–two pounds of marijuana.
>   The investigators conducted surveillance at the location listed on the shipping label – a storefront leased by appellant. Two undercover investigators delivered the package to the address. Ramont Jackson, appellant's stepfather, accepted the package and took it inside. Later that day, appellant arrived at the store and exited a short time later with the package. He placed the package in his vehicle and drove to a nearby parking space, at which time the police arrested him. The police searched appellant incident to his arrest. On his person they located a loaded firearm and $2,690 in cash. Inside the vehicle, the police found an additional $15,800 in cash, five cell phones, a small amount of marijuana, and postal receipts.
>   The police executed search warrants at the storefront and appellant's residence. The store appeared to be under construction and although it was listed as being a printing business, there was no printing equipment inside. However, the store was equipped with a surveillance system. From appellant's residence, the police recovered an additional $1,300 in cash hidden in a hollow book, a scale, packaging material, a bulletproof vest, ammunition, and six firearms.
>   The Commonwealth may prove possession of contraband by showing either actual or constructive possession. *See Smallwood v. Commonwealth*, 278 Va. 625, 629–30, 688 S.E.2d 154, 156 (2009). "Establishing constructive possession requires proof 'that the defendant was aware of both the presence and character of the [item] and that it was subject to his dominion and control.'" *Watts v. Commonwealth*, 57 Va. App. 217, 232–33, 700 S.E.2d 480, 488 (2010) (quoting *Powers v. Commonwealth*, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). The Commonwealth is not required to prove that appellant's possession was exclusive. *Smallwood*, 278 Va. at 630, 688 S.E.2d at 156.
>   The "issue [of what constitutes constructive possession] is largely a factual one and must be established by evidence of the acts, declarations and conduct of the accused." *Id*. (quoting *Ritter v. Commonwealth*, 210 Va. 732, 743, 173 S.E.2d 799, 807 (1970)). In addition, "[o]wnership or occupancy of a vehicle . . . where illicit [items] are found is a circumstance that may be considered together with other evidence tending to prove that the owner or occupant exercised dominion and control over items in the vehicle." *Burchette v. Commonwealth*, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992). Further, "proof that a person is in close proximity to contraband is a relevant fact." *Id*.

> When a conviction is based on circumstantial evidence, that evidence must exclude every reasonable hypothesis of innocence. *Blow v. Commonwealth*, 52 Va. App. 533, 539, 665 S.E.2d 254, 257 (2008). The principle that the Commonwealth must exclude all reasonable hypotheses of innocence flowing from the evidence "is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." *Commonwealth v. Hudson*, 265 Va. 505, 512–13, 578 S.E.2d 781, 785 (2003). The finder of fact's rejection of a hypothesis of innocence is "binding on appeal unless plainly wrong." *Taylor v. Commonwealth*, 61 Va. App. 13, 30, 733 S.E.2d 129, 138 (2012) (quoting *Archer v. Commonwealth*, 26 Va. App. 1, 12–13, 492 S.E.2d 826, 832 (1997)).
>
> In this case, the package containing the marijuana was delivered to the storefront leased by appellant. Jackson testified that he received the package for appellant but stated that he did not know what it contained. Later that same day, appellant arrived at the store in a rented vehicle, briefly entered the store, and then returned to the car with the package. When arrested a short time later, appellant carried a large amount of cash on his person and in the vehicle. A smaller quantity of marijuana was inside the passenger compartment of the car, and drug distribution paraphernalia was inside appellant's residence. The evidence presented at trial provided the trial court with sufficient evidence to conclude that appellant knowingly possessed the drugs. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that that appellant was guilty of possession with the intent to distribute more than five pounds of marijuana and possession of a firearm while possessing with the intent to distribute more than one pound of marijuana.

*Keyes v. Commonwealth*, No. 1166–17–1, at 1–3 (Va. Ct. App. Mar. 28, 2018) (all alterations, except for the first alteration, in the original).

The evidence, as described by the Court of Appeals of Virginia, amply supports Keyes's convictions for possession with the intent to distribute more than five pounds of marijuana and possession of a firearm while possessing with the intent to distribute more than one pound of marijuana. Accordingly, it is RECOMMENDED that Claim Two be DISMISSED.

### E. Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong

9

presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### 1. Claim One (b)

In Claim One (b), Keyes contends that his attorney performed deficiently by failing to file a motion to suppress. (ECF No. 1, at 18.) As explained by the Circuit Court, Keyes fails to demonstrate deficient performance of counsel or prejudice in conjunction with this claim.

> The record established that narcotics investigators were screening packages at a Norfolk post office and a drug dog alerted to a package addressed to a store leased by Keyes. After obtaining a search warrant, the police searched the package and they discovered it contained 22 pounds of marijuana. They delivered the package to the shipping address. Keyes's stepfather accepted the package. Later that day, Keyes arrived at the store and then left with the package a short time later. The police arrested him in a nearby parking space. Keyes had in his possession a firearm and $2,690 in cash. Inside the car, the police recovered $15,800, five cell phones, a small amount of marijuana, and postal receipts. *Keyes v. Commonwealth*, Record No. 166–17–1, March 28, 2018 at 1–2.
>     The record establishes that the police did not violate Keyes's Fourth Amendment rights. In addition, Keyes has failed to proffer what legal basis counsel had to challenge his arrest and search of his car. This failure to proffer is fatal to his claim. *Muhammad v. Warden*, 274 Va. 3. 19, 646 S.E.2d 182, 195 (2007); *Cf. Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996) ("an allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have produced."). *See also Bassette v. Thompson*, 915 F.2d 932, 940–41 (4th Cir. 1990) (petitioner must allege "what an adequate investigation would have revealed.") "[W]ithout a specific, affirmative showing of what the missing evidence or testimony would have been, 'a habeas court cannot even begin to apply *Strickland's* standards because it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to

> determine whether the petitioner was prejudiced by any deficiency in counsel's performance.'" *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994) (quoting *United States ex. Rel. Partee v. Lane*, 926 F.2d 694, 701 (7th Cir. 1991)) (emphasis added). As Keyes has failed to establish either deficient performance or prejudice as required by *Strickland*, claim [One (b)] must fail.

*Keyes v. Clarke*, No. CL19001693–00, at 4–5 (Va. Cir. Aug. 14, 2019) (paragraph number omitted).

The Court discerns no unreasonable application of the law and no unreasonable determination of the facts in the Circuit Court's analysis. *See* 28 U.S.C. § 2254(d)(1)–(2). Indeed, a review of the evidence supports the conclusion that there was not a substantial likelihood of a different result had counsel filed a motion to suppress. *Harrington v. Richter*, 562 U.S. 86, 112 (2011) ("The likelihood of a different result must be substantial, not just conceivable." (citing *Strickland*, 466 U.S. at 693)). Simply put, the police knew that the box that Keyes possessed contained contraband because they had looked into it, pursuant to a warrant, prior to delivering the box to Keyes's business. When they subsequently saw Keyes carrying that same box and loading it into a vehicle, they undeniably had probable cause to stop and arrest him. Keyes has failed to show that his Fourth Amendment rights were violated. Consequently, Keyes has failed to demonstrate that counsel was deficient for opting not to file a frivolous motion to suppress, or that he suffered any prejudice as a result. Accordingly, it is RECOMMENDED that Claim One (b) be DISMISSED.

### 2. Claim Five

In Claim Five, Keyes contends appellate counsel was ineffective for failing to raise Claims Two, Three, and Four on appeal. On collateral review, the Circuit Court observed that:

> Counsel's choices of which issues to raise on appeal is virtually unassailable. *See Jones v. Barnes*, 463 U.S. 745 (1983) (counsel cannot be found ineffective for failing to raise every non–frivolous issue identified by a defendant); *Townes v. Commonwealth*, 234 Va. 307, 320, 362 S.E.2d 650, 657 (1987) (appellate counsel

11

> decides what questions should be raised on appeal). This is true because "appellate counsel is given significant latitude to develop a strategy that may omit meritorious claims in order to avoid burying issues in a legal jungle." *Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir. 2000). "The attorney need not advance every argument, regardless of merit, urged by the appellate and must play the role of an advocate." *Fitzgerald v. Bass*, 6 Va. App. 38, 56, 366 S.E.2d 615, 625 (1988) (quoting *Evitts v. Lucey*, 469 U.S. 387, 394 (1985)) (emphasis added). In other words, counsel is not constitutionally obligated to raise every possible claim on appeal and a failure to do so does not render counsel's performance deficient. In this case, counsel raised a challenge to the sufficiency of the evidence to establish Keyes possessed 22 pounds of marijuana. Had counsel prevailed on that claim, multiple charges would have been reversed. Keyes cannot demonstrate prejudice because he has not shown that the discarded claims would have been likely to afford him any relief on appeal. As the petitioner has failed to establish either deficient performance or prejudice as required by Strickland, claim [Five] must fail.

*Keyes v. Clarke*, No. CL19–1693–00, at 5–6 (Va. Cir. Aug. 14, 2019).

Here again, the Court can discern no unreasonable application of the law or determination of the facts in the Circuit Court's analysis. 28 U.S.C. § 2254(d)(1)–(2). Keyes has again failed to demonstrate that counsel was deficient, or that he suffered any prejudice as a result, notwithstanding his vague and conclusory assertions to the contrary.[8] Accordingly, it is RECOMMENDED that Claim Five be DISMISSED.

---

[8] As discussed in Section D, *supra*, the Court of Appeals of Virginia did consider the substance of Claim Two on direct appeal. Even if counsel did not frame the issue exactly as Keyes does in his current § 2254 Petition, counsel's efforts were sufficient to raise the issue on appeal. Accordingly, Keyes fails to demonstrate that counsel was deficient in that regard. Further, Keyes fails to state specific, non–conclusory grounds on which he believes counsel should have appealed Claims Three and Four. Indeed, it would have been frivolous for counsel to raise Claim Three on appeal. Keyes admitted at trial that he was a felon and that he possessed a gun. (Apr. 19, 2017 Tr. 196–97, 216.) Moreover, as the Circuit Court alluded to, if counsel had been successful in challenging the evidence that Keyes possessed marijuana, then Claim Four would have become moot, as Keyes's related conviction for possessing marijuana with intent to distribute within 1000 feet of a school would have been vacated. Keyes has failed to show that counsel did not simply choose the most meaningful grounds on which to appeal, thereby focusing the Court of Appeals' attention on the issue that was most likely to yield the best results.

**F. Conclusion**

For the reasons stated above, it is RECOMMENDED that Respondent's Motion to Dismiss (ECF No. 11) be GRANTED, Keyes's claims be DISMISSED, the § 2254 Petition (ECF No. 1) be DENIED, and the action be DISMISSED. It is further RECOMMENDED that the Court DENY a certificate of appealability.[9]

Keyes is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Keyes and counsel for Respondent.

It is so ORDERED.

/s/ Elizabeth W. Hanes
United States Magistrate Judge

Date: July 27, 2021
Richmond, Virginia

---

[9] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893–94 (1983)). Keyes fails to meet this standard.